UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH A. BOOTH, | No. 2:25-cv-01266-DJC-SCR |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| U.S. DEPARTMENT OF VETERAN AFFAIRS, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff filed a motion for leave to proceed in forma pauperis ("IFP") and a declaration, including a statement of income and expenses, averring she is unable to pay the costs of these proceedings. *See* 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

I. SCREENING

A.   <u>Legal Standard</u>

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1    To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.   The Complaint

Plaintiff initiated this action by filing a complaint on May 2, 2025. ECF No. 1. The complaint names two defendants: 1) U.S. Department of Veterans Affairs ("VA"); and 2) Dwayne Mosbey, who is listed as an administrative office at the National Memorial Cemetery of the Pacific. ECF No. 1 at 2. Plaintiff alleges that the remains of her father, Donald William Welch, are located at the National Memorial Cemetery of the Pacific ("National Cemetery"). *Id.* at 4. Plaintiff requests that the remains be released to her so that she may transfer them to the Sacramento Valley National Cemetery in accord with what she contends were the final wishes of her mother and father. *Id.* at 6. Plaintiff states that she has power of attorney for both her parents. *Id.*

C.   Analysis

Under Rule 8, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction, (2) a short and plain statement showing that plaintiff is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's complaint does not cite a federal statute that confers jurisdiction. However, Plaintiff sues a federal agency. *See* 28 U.S.C. § 1346. Plaintiff's complaint also contains a fairly clear demand for relief – she appears to seek an order directing the release of her father's remains. Yet Plaintiff's complaint does not contain a short and plain statement demonstrating she is entitled to such relief. Plaintiff does not clearly state a claim or cause of action, and does not cite any legal authority for her requested relief.

It is unclear if Plaintiff pursued administrative channels through the VA to try to resolve this dispute prior to filing a lawsuit. A party may request disinterment of remains from a national

3

cemetery by submitting VA Form 40-4970, Request for Disinterment.[1] But Plaintiff does not mention that she attempted to utilize this process, or, if she did, that her request was denied. The Code of Federal Regulations also addresses disinterments and provides: "Interments of eligible decedents in national cemeteries are considered permanent and final. Disinterment will be permitted only for cogent reasons and with the prior written authorization …" 38 C.F.R. § 38.621(a). The Regulation also sets forth the circumstances under which disinterment may be approved (which includes obtaining the consent of all "living immediate family members"), and states that "[a]ny VA-approved disinterment in this section must be accomplished without expense to the Government." § 38.621(c). Alternatively, disinterment may be approved when "a court order or State instrumentality of competent jurisdiction directs the disinterment." *Id*. § 38.621(a)(1).

Because it is unclear if Plaintiff followed the procedure set forth and submitted a VA Form 40-4970, it is also unclear whether she seeks to challenge an administrative decision. If Plaintiff is attempting to challenge a decision under the Administrative Procedure Act (APA), the "APA requires that plaintiffs exhaust administrative remedies before bringing suit in federal court." *Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 965 (9th Cir. 2006), citing 5 U.S.C. § 704. Plaintiff must clarify the legal basis for her requested relief, and whether she has made a request to the VA.

Additionally, if Plaintiff chooses to file an amended complaint, she shall address whether this is the proper venue, or if the action should have been filed in Hawaii. Plaintiff alleges that her father's remains are in the National Cemetery in Honolulu, Hawaii, and the address listed for both Defendants is in Hawaii. She is seeking an order that his remains be released from the National Cemetery in Hawaii. Under 28 U.S.C. § 1391(e) it appears that venue may be proper as this is an action against an agency of the United States and an officer of that agency.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, it must contain a short and plain statement of

---

[1] See generally https://www.cem.va.gov/cem/disinterment.asp (last visited October 21, 2025).

1  Plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered
2  paragraphs, with each paragraph number being one greater than the one before, each paragraph
3  having its own number, and no paragraph number being repeated anywhere in the complaint.
4  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).
5  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.
6  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA
7  95814, or online at www.uscourts.gov/forms/pro-se-forms.
8      The amended complaint must not force the Court or the defendant to guess at the factual
9  or legal basis for the claim.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996)
10  (affirming dismissal of a complaint where the district court was "literally guessing as to what
11  facts support the legal claims being asserted against certain defendants").  The amended
12  complaint should specifically refer to the legal basis for Plaintiff's claim and demonstrate that she
13  is entitled to relief.
14      Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's
15  amended complaint complete.  An amended complaint must be complete in itself without
16  reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended
17  complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline*
18  *Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint
19  supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &
20  Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an
21  original complaint, each claim and the involvement of each defendant must be sufficiently
22  alleged.
23      Plaintiff's amended complaint must address the issues set forth herein.  Plaintiff should
24  address what steps she has taken to seek disinterment, what the VA's response was, and whether
25  she has exhausted her administrative remedies.  Plaintiff must also identify what law or
26  constitutional provision she proceeds under.  Plaintiff must allege enough facts in support of his
27  claims to state a claim to relief that is plausible on its face.
28  //// ¡

III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff's request for status (ECF No. 3) is GRANTED, in that this order advises Plaintiff of the status.
3. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above.  If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.
4. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: October 24, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE